**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francis T. Wilcox, | No. CV 05-0871-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Corrections Corporation of America, a Maryland Corporation, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Order Allowing Plaintiff to File Second Amended Complaint (Doc. # 12).

**I. INTRODUCTION**

On March 22, 2005, Francis T. Wilcox ("Wilcox") filed her original complaint against Corrections Corporation of America ("CCA") alleging two causes of action under Title VII of the Civil Rights Act of 1964.  In Count I, Wilcox alleged that she was the victim of "[s]ex discrimination in employment by hostile environment in violation of 42 U.S.C. 2000e-2(a)." In Count II, Wilcox alleged that she was the victim of "[r]etaliation for having opposed sex discrimination in violation of 42 U.S.C. 2000-3(a)."  Thereafter, on July 7, 2005, Wilcox filed her First Amended Complaint adding a third count against CCA for depriving her "of her civil rights, under color of authority of the State of Arizona, in violation of 42 U.S.C. 1983."

1    Presently, Wilcox seeks leave to file her Second Amended Complaint to further

2    support the count that "CCA violated her civil rights under color of the authority of the State

3    of Arizona, in violation of 42 U.S.C. 1983."  Wilcox also seeks to add her former supervisor,

4    J. Rodriguez ("Rodriguez"), as a defendant "for intentional interference with Plaintiff's

5    employment with CCA."

6    **II. LEGAL ANALYSIS AND CONCLUSION**

7    Motions to amend pleadings to add claims or parties are governed by Federal Rule of

8    Civil Procedure 15(a), which provides:

9    A party may amend the party's pleading once as a matter of course at any time
     before a responsive pleading is served or, if the pleading is one to which no
10   responsive pleading is permitted and the action has not been placed upon the
     trial calendar, the party may so amend it at any time within 20 days after it is
11   served.  Otherwise a party may amend the party's pleading only by leave of
     court or by written consent of the adverse party; and leave shall be freely given
12   when justice so requires.

13   Fed. R. Civ. P. 15(a).  While the decision to grant or deny a motion to amend is within the

14   discretion of the district court, "Rule 15(a) declares that leave to amend 'shall be freely given

15   when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182

16   (1962); *see, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971);

17   *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) ("A district

18   court's discretion to deny leave to amend . . . is not absolute.") (citing *Foman*);

19   *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472

20   (9th Cir. 1987). "In exercising its discretion[,] . . . 'a court must be guided by the underlying

21   purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or

22   technicalities. . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be

23   applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987)

24   (citations omitted); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.

25   1990) (stating that leave to amend is generally allowed with "extraordinary liberality").

26   "This liberality . . . is not dependent on whether the amendment will add causes of action or

27   parties." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

28

1       The extremely liberal policy in favor of amendments, however, is subject to some

2   limitations.   The United States Supreme Court has established that motions to amend

3   should be granted unless the district court determines that there has been a showing of:

4   (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated

5   failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing

6   party; or (5) futility of the proposed amendment.  *Foman*, 371 U.S. at 182; *see SmithKline*

7   *Beecham*, 245 F.3d at 1052; *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991);

8   *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991); *Cal. Architectural*

9   *Bldg. Prods.*, 818 F.2d. at 1472; *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987).

10  "Generally, this determination should be performed with all inferences in favor of granting

11  the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD*

12  *Programs*, 833 F.2d at 186).   Significantly, "[t]he party opposing amendment bears the

13  burden of showing prejudice," futility, or one of the other permissible reasons for denying

14  a motion to amend.  *DCD Programs*, 833 F.2d at 187; *see Richardson v. United States*, 841

15  F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless

16  opposing party makes "an affirmative showing of either prejudice or bad faith").

17      Regarding the futility of amendments to add claims, "[a] district court does not err in

18  denying leave to amend where the amendment would be futile . . . or would be subject to

19  dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); *see*

20  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to

21  amend may be denied if it appears to be futile or legally insufficient.") (citation omitted).  A

22  motion for leave to amend is futile if it can be defeated on a motion for summary judgment.

23  *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).  "However, a

24  proposed amendment is futile only if no set of facts can be proved under the amendment to

25  the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d

26  at 214; *see Foman*, 371 U.S. at 182 (stating that "[i]f the underlying facts or circumstances

27  relied upon by a [movant] may be a proper subject of relief, he ought to be afforded an

28

1   opportunity to test his claim on the merits"); *DCD Programs*, 833 F.2d at 186 (stating that

2   "a motion to make an '[a]mendment is to be liberally granted where from the underlying facts

3   or circumstances, the plaintiff may be able to state a claim'") (quoting *McCartin v. Norton*,

4   674 F.2d 1317, 1321 (9th Cir. 1982)).

5         CCA argues that adding Rodriguez as a defendant is futile because Arizona law does

6   not provide a cause of action against a supervisor, acting on behalf of the employer, for

7   tortious interference with employment.  In support thereof, CCA cites *Mintz v. Bell Atlantic*

8   *Systems Leasing Int'l, Inc.*, 183 Ariz. 550, 905 P.2d 559 (App. 1995).  While *Mintz* stands

9   for the proposition that a supervisor acting within the scope of his employment is the

10   employer and the employer cannot interfere with its own contract, the Court finds it

11   distinguishable and not controlling at this time.  In *Mintz*, the court dismissed plaintiff's

12   tortious interference claim against her supervisor after plaintiff's claim against her employer,

13   based on the supervisor's failure to promote her, had been dismissed.  In other words, having

14   no claim against the employer, there could be no improper conduct on the part of, and no

15   claim for tortious interference against, the supervisor.  In contrast, Wilcox's claim against

16   CCA still is pending such that the proposed amendment adding Rodriguez as a defendant is

17   not futile under *Mintz*.  In addition, the Arizona Supreme Court has recognized that a

18   supervisor, under certain circumstances, can be liable for tortious interference with an

19   employment contract.  *See Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. 370, 710

20   P.2d 1025 (Ariz. 1985) (superseded by statute on other grounds); s*ee also Bernstein v. Aetna*

21   *Life & Casualty*, 843 F.2d 359, 367 (9th Cir. 1987) (relying on *Wagenseller* and rejecting the

22   claim that a supervisor can never be liable for tortious interference with an employment

23   contract).

24         CCA further argues that adding Rodriguez as a defendant is futile because Wilcox has

25   not and cannot plead the elements necessary to establish the claim of interference with the

26   employment contract.  However, CCA offers no support for this argument.  Accordingly, the

27

28                                     - 4 -

1  Court finds that CCA has failed to show that the proposed amendment adding Rodriguez as

2  a defendant is futile.

3       Finally, CCA argues that the allegations concerning CCA's violation of Wilcox's civil

4  rights under color of the authority of the State of Arizona are futile because they are untrue.

5  Wilcox's proposed amendment provides that "CCA had a contract with the State of Arizona

6  to operate a prison for the State of Arizona, which prison it owned and operated in or near

7  Eloy, Arizona. All acts of CCA complained of herein were done under the authority and

8  color of the State of Arizona in violation of 42 U.S.C. 1983."  In response, CCA states that

9  it does not have a contract with the State of Arizona to operate the Eloy facility.  Instead,

10 CCA represents that the Eloy facility is operated in conjunction with the Bureau of

11 Immigration and Customs Enforcement, the U.S. Marshals, and the Federal Bureau of

12 Prisons.  While this may be true, CCA fails to provide any support.  Accordingly, the Court

13 finds that CCA has failed to show that the proposed amendment adding allegations

14 concerning CCA's violation of Wilcox's civil rights is futile.

15      Accordingly,

16      **IT IS ORDERED** granting Plaintiff's Motion for Order Allowing Plaintiff to File

17 Second Amended Complaint (Doc. # 12);

18      **IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint (Doc.

19 #13), which was filed on September 30, 2005, is deemed filed as of the date of this Order;

20      **IT IS FURTHER ORDERED** that this Order is without prejudice to Defendants'

21 rights to assert any and all motions they deem appropriate in response to the Second

22 Amended Complaint.

23      DATED this 26th day of April, 2006.

24

25

26                           James A. Teilborg
                          United States District Judge

27

28                          - 5 -